United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERIOR KITCHEN CABINETS INC., Plaintiff, v. LANZ CABINET SHOP, INC., Defendant. | Case No. 26-cv-06433-PCP **ORDER GRANTING MOTION TO REMAND** Re: Dkt. Nos. 5, 15, 16 |

Plaintiff Superior Kitchen Cabinets Inc. accuses defendant Lanz Cabinet Shop, Inc., of breach of contract and other business torts for refusing to pay for work and materials Superior provided in installing cabinets for construction projects. Superior now moves the Court to remand this matter to state court, Dkt. No. 15, or to dismiss for lack of subject-matter jurisdiction, Dkt. No. 16. Lanz moves to dismiss plaintiffs' lawsuit for failure to state a claim. Dkt. No. 5. Because Lanz's removal was untimely, the Court grants plaintiff's motion to remand.

**BACKGROUND**

Superior Kitchen Cabinets is a California corporation with its principal place of business in Turlock, California. Notice of Removal ¶ 1. Lanz Cabinet Shop is an Oregon corporation that alleges its principal place of business is in Eugene, Oregon. Notice of Removal ¶ 2. Superior is a cabinet maker who did work for Lanz, a contractor. Superior alleges that Lanz breached the parties' contract by refusing to pay for work performed and committed other business torts.

Superior filed its original complaint in Santa Clara Superior Court on August 22, 2025. Notice of Removal ¶ 3. Superior's original complaint pleaded contract causes of action arising out of a single construction project and sought a sum of $75,357.60. On April 27, 2026, Superior sought leave to amend its complaint, to which Lanz stipulated, and the state court thereafter granted Superior leave to amend. *Id.* ¶¶ 4–6. Superior filed and served its first amended complaint

on June 4, 2026, adding new causes of action, new factual allegations involving 15 construction projects, and a new request for over $500,000 in damages. *Id.* ¶¶ 6, 7. On June 26, 2026, Lanz removed this action to this Court, alleging diversity jurisdiction. Dkt. No. 1.

**ANALYSIS**

**I. This Court has diversity jurisdiction.**

In removing Superior's action, Lanz invoked this Court's diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Superior argues that complete diversity of citizenship is lacking because both parties are California citizens.

The only party whose citizenship is at issue is Lanz. For diversity jurisdiction purposes, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Superior acknowledges that Lanz is an Oregon corporation. FAC ¶ 13. Further, Lanz has provided evidence that its principal place of business is in Oregon, including by demonstrating that its primary management, design, manufacturing, assembly, selling, purchasing, and accounting activities all take place in Oregon. Lanz has thus established that it is a citizen of Oregon and that diversity of citizenship exists between it, an Oregon citizen, and Superior, a California citizen.[1]

**II. Lanz's removal was untimely.**

Though the Court has diversity jurisdiction, Lanz's removal was untimely. 28 U.S.C. § 1446(b)(1) provides that a defendant must file its notice of removal within 30 days of service of process. "[I]f the case stated by the initial pleading is not removable," however, the defendant can remove the case within 30 days of receiving a filing that establishes that the case actually can be

---

[1] Superior also contends that the parties' diversity must be determined solely from the face of the complaint and that the amended complaint does not establish Lanz's Oregon citizenship. But a party's citizenship for purposes of diversity jurisdiction presents a mixed question of fact and law that is determined on the basis of the party's actual circumstances. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting, in the context of diversity jurisdiction, that "an inadequate pleading does not in itself constitute an actual defect of federal jurisdiction" and that a defendant may allege and prove diversity jurisdiction even where the complaint itself is silent) (citation omitted). Were it otherwise, a plaintiff could avoid the statutory and constitutional limitations on the exercise of diversity jurisdiction by simply pleading that diversity exists even where it is lacking.

removed to federal court. *See* 28 U.S.C. § 1446(b)(3).[2]

Superior filed its original complaint in state court on August 22, 2025, and effected service on September 2, 2025. Dkt. No. 1-3, at 2. Superior's original complaint stated facts establishing that Superior and Lanz were citizens of different states and that the amount in controversy was greater than $75,000. Though Lanz's citizenship was not "revealed affirmatively in the initial pleading," *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005), that information was entirely within Lanz's possession. Accordingly, Lanz knew of this action's removability on September 2, 2025. But instead of removing the case at the time, Lanz litigated the case in state court, including by engaging in discovery and setting the case for trial. Motion to Remand, Dkt. No. 15-1, at 11 (Dang Decl. ¶¶ 9–11).

Lanz makes two arguments in response. First, it argues that the 30-day clock for removal did not start upon the initial service of Superior's original complaint because the complaint did not affirmatively plead Lanz's citizenship. But as noted above, *see* note 1, the existence of diversity jurisdiction is not determined from the face of the complaint. Instead, Lanz's deadline for removal began to run once it was aware of all of the facts necessary to establish the existence of federal court jurisdiction. Because at the time it was served with the original complaint Lanz was aware of its own Oregon citizenship, Superior's California citizenship, and an amount in controversy in excess of $75,000, its deadline for removal began to run at that time.[3]

Second, Lanz argues that the 30-day removal clock under § 1446 "restarted" because the first amended complaint was significantly broader than the initial one. *See* Opposition at 10–11. Lanz argues that the "judicially-created revival exception" therefore renders it removal timely.

The problem with Lanz's argument is that the so-called "revival exception" has never been

---

[2] The 30-day time limit in 28 U.S.C. § 1446 is not jurisdictional and is waived if a party fails to make a timely objection to the untimely removal. *Blumberger v. Tilley*, 115 F.4th 1113, 1124–25 (9th Cir. 2024). Superior's motion to remand was timely.

[3] Lanz's argument would produce absurd results. If Lanz were correct, then a defendant seeking to remove a case on the basis of diversity jurisdiction would not be able to do so if the complaint did not affirmatively state the parties' diverse citizenship. Instead, the defendant would be required to first ask the state court to compel amendment of the complaint to properly state the parties' citizenship, and only be able to remove the case after such an amendment were compelled.

recognized by the Ninth Circuit and lacks any support in the text of the removal statute. To the contrary, 28 U.S.C. § 1446 expressly addresses the circumstances under which subsequent amendments to a complaint render a case removable, providing for post-amendment removal only where "the case stated by the initial pleading [was] *not* removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Given that Congress expressly considered the effect of amendments on the deadline for removal but failed to include a provision permitting the removal of a previously-removable case simply because of a change in its scope or value, the Court cannot read such a provision into the statute.[4]

Because Lanz's removal was untimely, the Court grants Superior's motion to remand.

**III. Fees and Costs**

Plaintiff requests fees and costs in the amount of $7,205.00 pursuant to 28 U.S.C. § 1447 and Rule 11. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). District courts "retain discretion to consider whether" an award of fees and costs is appropriate in a particular case. *Id*.

Though defendant Lanz's notice of removal was improper, the Court cannot conclude that Lanz's basis for removal was objectively unreasonable. Other circuits have recognized the revival exception, and Lanz could reasonably seek to test its existence here. Unlike cases such as those involving fraudulent joinder which require the "removing defendant to carry a 'heavy' burden of

[4] Even under the out-of-circuit precedents cited by Lanz, Superior's amended complaint did not make its suit "entirely new and different," such that the "revival exception" might apply. *See Johnson v. Heublein Inc.*, 227 F.3d 236, 241–42 (5th Cir. 2000); *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982); *Fletcher v. Hamlet*, 116 U.S. 408 (1886). Superior initially pleaded contract claims arising from its relationship with Lanz, and its amended complaint merely added additional allegations of contractual breach and certain new causes of action based on evidence that Lanz had allegedly hired away plaintiff's employees and pressured plaintiff to misreport information to the government.

United States District Court
Northern District of California

showing that the in-state defendant 'cannot be liable on *any* theory,'" Lanz could fairly have thought that its theory had a reasonable basis. Order Awarding Fees and Costs, *Voyne v. Longs Drug Stores, Cal.*, 25-cv-09569, Dkt. No. 26, at 2 (citing *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up)). The Court therefore denies Superior's request for an award of fees and costs. For the same reasons, the Court denies Superior's request for an award of fees and costs under Federal Rule of Civil Procedure 11.

**CONCLUSION**

For the foregoing reasons, Superior's motion to dismiss for lack of subject-matter jurisdiction is denied and its motion to remand is granted. Lanz's motion to dismiss is denied without prejudice.

**IT IS SO ORDERED.**

Dated: September 14, 2026

P. Casey Pitts
United States District Judge